IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| SONYA ROSE LOPEZ, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 2:10-CV-0158-RWS |
| FDIC, as receiver for | : |
| BANK OF HIAWASSEE, | : |
| | : |
| Defendant. | : |

**<u>ORDER</u>**

This case is before the Court for consideration of Plaintiff's Motion to Remand [8]. After reviewing the record, the Court enters the following Order.

Plaintiff originally filed this action the Superior Court of Towns County, Georgia against the Bank of Hiawassee. On May 24, 2010, Judge David Barrett entered an Order substituting the Federal Deposit Insurance Corporation, as Receiver for the Bank of Hiawassee ("FDIC-R") as the Defendant in the action. On August 19, 2010, the FDIC-R removed the action to this Court.

Plaintiff's claims relate to the construction of a Comfort Inn and Suites Hotel located in Buford, Georgia (the "Project"). The Bank of Hiawassee was the construction lender for the Project. Plaintiff contends that the Bank of Hiawassee improperly made payments to the general contractor of the Project, Paris Construction Management, LLC ("Paris"), without the input or consent of

Plaintiff. Paris failed to pay various subcontractors who worked on the Project with the funds that were paid to it. When the Bank of Hiawassee became aware that its payments to Paris were not used to pay subcontractors and materialmen, it closed Plaintiff's construction loan on or about July 19, 2007.

Plaintiff asserts claims against the Bank of Hiawassee based on negligence, breach of contract, punitive damages, and attorneys' fees. Plaintiff asserts that her claims are all state law claims that have no relation to federal law. Therefore, Plaintiff asserts that pursuant to 12 U.S.C. § 1819(b)(2)(B), the case is not subject to removal.

The FDIC-R removed this case from the Superior Court of Towns County pursuant to 12 U.S.C. § 1819(b)(2)(B) which provides:

> Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States District Court before the end of the ninety-day period beginning on the date of the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party.

12 U.S.C. § 1819(b)(2)(B)

The state law exception provided in 12 U.S.C. § 1819(b)(2)(B) provides a limited exception to the FDIC's broad removal powers. Specifically, the section provides that cases are not deemed to arise under the laws of the United States and, therefore, not subject to remand if the action:

2

> (i) to which the [FDIC], in the [FDIC]'s capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as plaintiff;
>
> (ii) which involves only the pre-closing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and
>
> (iii) in which only the interpretation of the law of such state is necessary.

12 U.S.C. § 1819(b)(2)(B).

The FDIC-R asserts that Plaintiff failed to satisfy the third prong of the State law exception because, through defenses raised by the FDIC-R, interpretation of federal law will be necessary in this action. "[T]he FDIC as a defendant may allege Article III 'arising under' jurisdiction as a defense, notwithstanding the 'well-pleaded complaint' rule." Lazuka v. Federal Deposit Ins. Corp., 931 F.2d 1530, 1535 (11h Cir. 1991).

The Court finds that defenses raised by the FDIC-R which require the interpretation of federal law authorized removal of this action. Therefore, Plaintiff's Motion to Remand [8] is hereby **DENIED**.

AO 72A
(Rev.8/82)

**SO ORDERED**, this   5th   day of October, 2010.

_____
**RICHARD W. STORY**
United States District Judge

4