**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| SONYA ROSE LOPEZ, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:10-CV-00158-RWS |
| FEDERAL DEPOSIT | : | |
| INSURANCE CORPORATION, | : | |
| as RECEIVER for BANK OF | : | |
| HIAWASSEE, | : | |
| | | |
| Defendant. | | |

## **ORDER**

This case comes before the Court on Defendant's Motion to Dismiss and

Incorporated Memorandum of Law ("Motion to Dismiss") [21]. After a review

of the record, the Court enters the following order.

## **Background**[1]

Plaintiff originally filed this civil action against the Bank of Hiawassee

("Bank") in the Superior Court of Towns County, Georgia on July 15, 2009,

---

[1] Defendant moves to dismiss for lack of subject matter jurisdiction under Rule
12(b)(1) of the Federal Rules of Civil Procedure. Specifically, Defendant attacks the
factual basis for subject matter jurisdiction. Such attacks "challenge the existence of
subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside
the pleadings, such as testimony and affidavits, are considered." McMaster v. United
States, 177 F.3d 936, 940 (11th Cir. 1999) (citation and quotations omitted).

and subsequently filed an Amended Complaint in that court on November 3, 2009. Compl., Dkt. [1-5] ¶ 1; Am. Compl., Dkt. [1-6] ¶ 1. Plaintiff asserts claims of negligence and breach of contract arising from a loan obtained from the Bank for the construction of a hotel. Am. Compl., [1-6] ¶¶ 6, 17-36. On March 19, 2010, the Georgia Department of Banking and Finance closed the Bank and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver. Ex. A, Dkt. [1-2] ¶ 1. The FDIC published a notice in several newspapers during March, April, and May of 2010, which stated that any creditor of the Bank must submit a proof of claim by June 22, 2010 to be considered under the FDIC's administrative claims process. Ex. A, Dkt. [21-1] ¶¶ 3-4. In May 2010, the Superior Court of Towns County granted the Bank's motion to substitute the FDIC as Defendant in the instant litigation. Def.'s Mot. to Substitute Party, Dkt. [4] at 1-2; Id. at Ex. A. The FDIC timely removed the case to this Court on August 19, 2010. Notice of Removal, Dkt. [1] at 1-2.

On November 14, 2010, the FDIC sent Plaintiff's counsel a letter reiterating the June 22, 2010 deadline for asserting claims against the Bank and including instructions for completing an attached proof of claim form. Ex. A, Dkt. [21-1] ¶ 3. The letter also noted that Plaintiff's claim would be considered

2

AO 72A
(Rev.8/82)

only if she provided supporting documentation verifying that she was unaware

of the FDIC's appointment as receiver for the Bank. Id. ¶ 4. Plaintiff returned

the completed proof of claim form but did not include any documentation

verifying that she was unaware of the FDIC's appointment. Ex. A, Dkt. [21-1]

at 17-20.

On January 4, 2011, the FDIC moved to stay the instant litigation while

Plaintiff's late-filed claim was being considered. Def.'s Mot. to Stay &

Incorporated Mem. of Law, Dkt. [13] at 1. The Court granted the FDIC's

motion on January 13, staying the case until Plaintiff completed the

administrative claims process. Order Granting Def.'s Mot. for Stay, Dkt. [15]

at 1. On February 8, the FDIC notified Plaintiff's counsel that Plaintiff's claim

was disallowed as untimely because it had not been filed by the claim bar

deadline of June 22, 2010. Mot. to Dismiss, Dkt. [21] at 5. The notification

also stated that the FDIC's disallowance "precluded any further rights,

proceedings, or remedies on [Plaintiff's] claim." Id. Plaintiff has not sought

judicial review of the FDIC's ruling on her claim. Id.

On September 21, 2011, Plaintiff filed for Chapter 7 bankruptcy

protection in the United States Bankruptcy Court for the Northern District of

3

Georgia. Id. In her initial Statement of Financial Affairs, Plaintiff did not

disclose her participation in this case or list her claim as a potential asset on her

bankruptcy schedules. Ex. B, Dkt. [21-2] at 19, 23-46. On October 29,

Plaintiff filed a set of Amended Schedules and again failed to notify the

bankruptcy court of her claim. Ex. C, Dkt. [21-3] at 3-11.

On February 3, 2012, the FDIC moved to dismiss the Complaint on

grounds that the Court lacks subject matter jurisdiction under Rule 12(b)(1) of

the Federal Rules of Civil Procedure due to (1) Plaintiff's failure to timely file a

proof of claim or comply with the procedures for judicial review of a

disallowed claim and (2) Plaintiff's lack of standing to prosecute an

unscheduled cause of action after filing for Chapter 7 bankruptcy protection.

Mot. to Dismiss, Dkt. [21] at 1-2. Alternatively, the FDIC moved to dismiss on

grounds that Plaintiff should be judicially estopped from proceeding in this

Court because of her failure to list the instant litigation "as having any value on

her bankruptcy schedules." Id. at 13-14. Because Plaintiff did not file a

response, the FDIC's motion is deemed unopposed. LR 7.1(B), NDGa.[2]

---

[2] Local Rule 7.1(B) provides that "[a]ny party opposing a motion shall serve
the party's response, responsive memorandum, affidavits, and any other responsive
material not later than fourteen (14) days after service of the motion . . . . Failure to

4

**II.   Judicial Estoppel**

As a preliminary matter, the Court addresses whether Plaintiff's claim

should be dismissed pursuant to judicial estoppel because Plaintiff failed to

schedule this cause of action with the bankruptcy court.  The doctrine of

judicial estoppel precludes a plaintiff from asserting a claim in a judicial

proceeding that contradicts the position taken under oath in a prior proceeding.

Parker v. Wendy's Int'l Inc., 365 F.3d 1268, 1271 (11th Cir. 2004).  Judicial

estoppel is an equitable doctrine invoked at a court's discretion.  New

Hampshire v. Maine, 532 U.S. 742, 750 (2001) (internal citations and

quotations omitted).

The Eleventh Circuit has adopted a two-prong test for determining

whether judicial estoppel should bar a given claim.  First, the prior inconsistent

position must be asserted under oath.  Burnes v. Pemco Aeroplex, 291 F.3d

1282, 1285-88 (11th Cir. 2002).  Second, the court considers whether the

inconsistent statements amount to a manipulation of the judicial system.  Id. at

1287-88.  However, "[judicial estoppel] should not be used where it would

---

file a response shall indicate that there is no opposition to the motion."

work an injustice, such as where the former position was the product of inadvertence or mistake . . . or where there is only an appearance of inconsistency between the two positions but both may be reconciled." Matter of Cassidy, 892 F.2d 637, 642 (7th Cir. 1990) (citations omitted).

There is no debate that Plaintiff's financial disclosure forms were submitted under oath to the bankruptcy court, satisfying the first factor for application of judicial estoppel. See Burnes, 291 F.3d at 1286 (finding first factor satisfied under similar circumstances); Ex. B, Dkt. [21-2] at 44 (declaring that schedules of assets and statements of financial affairs are signed under penalty of perjury). As to the second factor, the Eleventh Circuit has joined other Circuits in holding that deliberate or intentional manipulation of the judicial system may be inferred from the record, particularly where a party knew about her undisclosed claims and had a motive to conceal them from the bankruptcy court. Burnes, 291 F.3d at 1287-88.

The Court finds that the record supports an inference that Plaintiff intentionally manipulated the judicial system. Specifically, Plaintiff did not disclose her claim or her status as a party to this case in her initial schedules and asset filings with the bankruptcy court. Ex. B, Dkt. [21-2] at 19, 23-44.

6

Plaintiff again failed to disclose her claim and the instant litigation in a set of

Amended Schedules filed over a month later. Ex. C, Dkt. [21-3] at 3-11.

Additionally, there are no facts in the record from which to surmise that

Plaintiff was unaware that her claim was pending in this Court at the time she

filed for bankruptcy. Indeed, two months after the FDIC timely removed the

case, Dkt. [1] at 1-2, the Court denied Plaintiff's Motion to Remand. Order,

Dkt. [12] at 3-4.

Considering motive, Plaintiff valued her claim at $682,000 on the proof

of claim form that she filed with the FDIC. Ex. A, Dkt. [21-1] at 11. In the

disclosure materials Plaintiff submitted to the bankruptcy court, Plaintiff listed

her monthly income as $2,024.06 ($24,288.72 annually) and the total value of

her assets as $352,575.30. Ex. B, Dkt. [21-2] at 11, 46. In comparison,

Plaintiff listed total liabilities of $5,668,635.87. Id. at 46. Assuming that the

claim value filed with the FDIC is reasonably accurate, the value of the present

litigation was double the value of Plaintiff's listed assets and would triple the

available asset pool from which creditors could satisfy their claims. Given

these undisputed facts, the Court finds that Plaintiff had the requisite intent to

mislead the bankruptcy court.

7

Finally, barring Plaintiff's claim pursuant to judicial estoppel would not

"work an injustice." <u>Matter of Cassidy</u>, 892 F.2d at 642 (citation omitted).

Plaintiff signed and filed two sets of disclosures with the bankruptcy court

without including the value of the instant litigation. There are no facts in the

record to suggest that Plaintiff was unaware of her active claim in this Court.

Thus, there is no factual basis to attribute Plaintiff's failure to disclose to

inadvertence or mistake.  As such, the Court finds that judicial estoppel should

attach, and Plaintiff's claim is therefore **DISMISSED**.  The Court declines to

further consider whether it lacks subject matter jurisdiction over Plaintiff's

claim under 12 U.S.C. § 1821(d)(6).

## Conclusion

In accordance with the foregoing, Defendant's Motion to Dismiss [21] is

hereby **GRANTED**.  The Complaint is accordingly **DISMISSED WITH**

**PREJUDICE**, and the Clerk is directed to close the case.

**SO ORDERED**, this   23rd   day of May, 2012.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

8